**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1536**

ASSEFA ARARSA BEKELCHA,

    Petitioner,

  v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 17, 2012   Decided: April 11, 2012

Before MOTZ, KING, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

James A. Roberts, LAW OFFICE OF JAMES A. ROBERTS, Fairfax, Virginia, for Petitioner. Tony West, Assistant Attorney General, Shelley R. Goad, Assistant Director, Tim Ramnitz, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Assefa Ararsa Bekelcha, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons set forth below, we deny the petition for review.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not

2

eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the evidence of record and conclude that substantial evidence supports the adverse credibility finding. We further conclude that Bekelcha failed to present sufficient independent evidence of his family's persecution, notwithstanding the adverse credibility determination, as discussed in Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). We therefore uphold the denial of Bekelcha's requests for asylum and withholding of removal. See id. at 367 ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal

---

[*] Bekelcha has failed to raise any challenges to the denial of his request for protection under the Convention Against Torture. He has therefore waived appellate review of this claim. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004).

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED